```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DARRYL HARLEY,                              Docket No. 14-CV-
                                            5452 (PKC) (VMS)

                    Plaintiff,

                                            **AMENDED COMPLAINT**

    -against-

THE CITY OF NEW YORK and POLICE
OFFICER CHRISTOPHER KELLY,

                    Defendants.             **JURY TRIAL DEMANDED**
----------------------------------------X
```

The plaintiff, complaining of the defendants, by his attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

### JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States Code, section 1983 and under the laws and statutes of the State of New York.

3. Jurisdiction is founded upon U.S.C. sections 1331 and 1343(4), this being an action authorized by law to redress the

deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

PARTIES

5. Plaintiff, DARRYL HARLEY, is a resident of Queens County, State of New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "THE CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant, NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "NYPD"), is a local governmental agency duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of its officers and civilian employees, as well as the hiring, screening, training, supervising, controlling and disciplining of

same.

8. Upon information and belief, defendant, POLICE OFFICER CHRISTOPHER KELLY, was and still is an employee of the NYPD.

9. Upon information and belief, POLICE OFFICER CHRISTOPHER KELLY resides in the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, defendant, THE CITY, its agents, servants and employees, operated, maintained and controlled the NYPD and its officers/detectives.

11. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code section 1983 and arising under the laws and statutes of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers/detectives of said State and City.

PENDENT STATE CLAIMS

13. On July 25, 2013, plaintiff served a Notice of Claim on THE CITY and NYPD alleging that he sustained nine (9) hours loss of liberty and freedom due to the defendants' negligence.

14. Plaintiff testified at a "50-h hearing" pursuant to General Municipal Law §50-h on October 8, 2013.

15. More than thirty (30) days have elapsed since the Notice of Claim was served upon the defendants, and the defendants have neglected or refused to make any adjustment or payment thereof.

AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "16" with the same force and effect as if more fully set forth herein.

17. On July 15, 2013, at approximately 4:30 P.M., POLICE OFFICER CHRISTOPHER KELLY, a detective at the 110th Precinct, and another detective came to plaintiff's place of employment in Queens County, New York.

18. The detectives did not tell plaintiff why they were there.

19. The detectives handcuffed plaintiff.

20. The detectives paraded plaintiff out of the office,

through the grounds and into the police vehicle.

21. The detectives took plaintiff to the 110th Precinct.

22. At the precinct, one of the detectives told plaintiff that a tenant accused him of taking her credit card.

23. This same detective then told plaintiff that a video-tape existed showing him using the credit card at Macy's.

24. Plaintiff told this detective that he did not take the credit card and did not use it at Macy's.

25. The detectives fingerprinted, photographed and processed plaintiff.

26. The detectives eventually took plaintiff to Central Booking.

27. On July 16, 2013, at approximately 1:30 A.M., plaintiff was removed from a jail cell and handed a letter from the Queens County District Attorney's Office stating that his arrest had been dismissed.

28. Plaintiff was released from the NYPD's custody.

29. Thus, as a result of the defendants' negligence, plaintiff spent approximately nine (9) hours in custody.

30. The defendants did not possess any type of privilege to confine the plaintiff.

31. As a result of the above-mentioned false imprisonment and detention, plaintiff sustained the following damages:

humiliation and ridicule; mental trauma and anguish; emotional distress; loss of liberty and freedom; the inability to perform his customary and daily activities.

32. By reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "33" with the same force and effect as if more fully set forth herein.

34. The defendants, THE CITY and NYPD, were careless and reckless in hiring and retaining the services of the NYPD officers/detectives in question in that they lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring POLICE OFFICER CHRISTOPHER KELLY and the other officers in question who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; in that the defendants, THE CITY and NYPD, failed to investigate these particular detectives' backgrounds; in that the defendants hired and retained the detectives in question who were unqualified

because they lacked the maturity, sensibility and intelligence to be detectives; the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

35. The aforesaid false imprisonment and detention, as well as the resulting mental trauma sustained by plaintiff, were caused wholly and solely by reason of the negligence of the defendants without any negligence on the part of plaintiff contributing thereto.

36. By reason of the aforesaid, plaintiff was injured in mind and body and will continue to suffer physical and mental pain and was rendered sick, sore, lame and disabled and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants.

37. By reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "38" with the same force and effect as if more fully set forth herein.

39. The defendants negligently, carelessly and recklessly

failed to properly train and supervise POLICE OFFICER CHRISTOPHER KELLY and the other officers in question in that they failed to teach them the following: the proper protocol used to detain and interrogate suspects; the proper way to investigate a crime; how to verify a suspect's version of events; how to act like reasonably prudent officers/detectives. In addition, the defendants failed to give POLICE OFFICER CHRISTOPHER KELLY and his fellow officers the proper instructions as to their deportment, behavior and conduct as representatives of their employers.

40. By reason of the aforesaid, plaintiff was injured in mind and body and will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remains and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants.

41. By reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A FOURTH CAUSE OF ACTION

42. Plaintiff repeats, reiterates and realleges each and

every allegation contained in paragraphs marked "1" through "42" with the same force and effect as if more fully set forth herein.

43. POLICE OFFICER CHRISTOPHER KELLY, and the other officers in question, negligently, carelessly and recklessly performed their duties in that they failed to use such care as trained police officers/detectives would have used under similar circumstances in that they detained plaintiff without conducting a reasonable investigation. In addition, the officers/detectives in question were negligent, careless and reckless in the manner in which they operated, controlled and maintained the detention of plaintiff.

44. By reason of the aforesaid, plaintiff was injured in mind and body, suffered and, upon information and belief, will continue to suffer, physical and mental pain, and was rendered sick, sore, lame and disabled, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants.

45. By reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

46. By reason of the aforesaid, plaintiff requests the

following relief:

(a) compensatory damages in the sum of FOUR MILLION ($4,000,000.00) DOLLARS as per the schedule set forth below;

(b) punitive damages of ONE MILLION ($1,000,000.00) DOLLARS;

(c) an award of reasonable attorney's fees, costs and disbursements.

48. Plaintiff requests a trial by jury of all issues involved in this complaint.

49. Plaintiff also requests such other and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

```
ON THE FIRST CAUSE OF ACTION..................$1,000,000.00
ON THE SECOND CAUSE OF ACTION.................$1,000,000.00
ON THE THIRD CAUSE OF ACTION..................$1,000,000.00
ON THE FOURTH CAUSE OF ACTION.................$1,000,000.00
```

Dated: Forest Hills, NY
       April 6, 2016

Yours truly,

_____
MICHAEL DREISHPOON, ESQ.
Attorney for Plaintiff
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555

**CERTIFICATION**

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: Forest Hills, NY
       April 6, 2016

_____
MICHAEL DREISHPOON, ESQ.